Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 86 C 7888 | **DATE** | 3/22/2000 |
| **CASE TITLE** | | N.O.W. vs. Scheidler | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Scheidler defendants' motion for approval and entry of order relating to defendants' security pending appeal is Granted. Defendants' are given leave to resubmit handwritten UCC1 form for typed written UCC1 financing statement. Enter order relating to defendant's security pending appeal. [Doc. # 1332-1 and 1332-2] Defendants' motion to stay enforcement of judgment pending post-judgment motions and/or appeal and for approval of alternative security is now moot and terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 2 4 2000 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 1395 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| PAMF | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

*Last Revised 3/21/00*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| NATIONAL ORGANIZATION FOR WOMEN, INC., etc., et al., ) ) ) | |
| Plaintiffs, ) | NO. 86 C 7888 |
| ) | |
| vs. ) | Hon. David Coar, U.S. District Judge |
| ) | |
| JOSEPH M. SCHEIDLER; ANDREW SCHOL-BERG; TIMOTHY MURPHY; PRO-LIFE ACTION LEAGUE, INC., an Illinois not-for-profit corporation; and OPERATION RESCUE, ) ) ) ) ) | |
| Defendants. ) | |

**DOCKETED**
**MAR 2 4 2000**

## ORDER RELATING TO DEFENDANTS' SECURITY PENDING APPEAL

This matter coming to be heard on motion of defendants Scheidler, Scholberg, Murphy, and the Pro-Life Action League, Inc. ("the League"), collectively hereinafter referred to as "the movants," filed on September 7, 1999 (Docket Item #1332), to stay the enforcement of the money judgments awarded in favor of the plaintiffs, the National Women's Health Organization of Delaware, Inc., a Delaware corporation, d/b/a the Delaware Women's Health Organization, Inc., hereinafter referred to as "DWHO" and the National Women's Health Organization of Summit, Inc., a Wisconsin corporation d/b/a Summit Women's Health Organization, Inc., hereinafter referred to as "Summit," and against said defendants and defendant, Operation Rescue, and counsel for plaintiffs DWHO and Summit having objected to said movants' motio on grounds previously stated of record in these proceedings, including, *inter alia,* that said

1

defendants' proposed alternative security is not adequate and that an appeal bond in an

appropriate amount should instead have been posted to stay enforcement, and the parties having

cited certain authorities, both orally and in writing, and having argued the matters relating to said

motion for stay of enforcement and for approval of proposed alternative security, and the Court

being fully advised, having overruled plaintiffs' objections to said defendants' proposed

alternative security arrangements, directed that said movant defendants deliver the sum of

$70,000 to counsel for plaintiffs, Fay Clayton, Esq., for deposit in a client funds account with her

law firm, Robinson, Curley & Clayton, PC, for safekeeping, subject to further order of this

Court, and further, the Court having directed that counsel for plaintiffs and counsel for movant

defendants negotiate and tender for approval by this Court a set of documents in mutually

satisfactory form, including a certain security agreement, providing for the collateral assignment

by defendant Joseph Scheidler, his wife, Ann Scheidler, and their daughter, Sarah Scheidler, of

the beneficial interest in their residence, situated at 6347 North LeRoy Avenue, Chicago, Illinois

60646, subject to a prior and senior collateral assignment in favor of the Glenview State Bank,

800 Waukegan Road, Waukegan, Illinois 60025, securing a home equity line of credit, and also

providing for a junior mortgage of the underlying real estate by the Cole Taylor Bank, in its

capacity as holder of the legal title to said real estate as successor Trustee under Trust #3226,

pursuant to a certain Trust Agreement dated April 23, 1985, and the parties having executed said

documents, together with other documents necessary to accomplish said secondary collateral

assignment of beneficial interest and junior mortgage, and have tendered these documents for

approval by this Court;

IT IS HEREBY ORDERED:

2

1.   That over the objection of DWHO and Summit, pursuant to Fed. R. Civ. Pro. 62, this Court does hereby approve said Security Agreement, secondary collateral assignment, junior mortgage, UCC-1 State of Illinois Financing Statement, and sworn Declaration In Support Of Defendants' Motion For Approval Of Alternative Security, as executed by one or more of the parties, copies of which are attached hereto as Exhibits A, B, C, D, and E,  respectively;

2.   That this Court further approves the prior deposit of said $70,000 cash that is being held in a client funds account at the law firm of Robinson, Curley & Clayton PC, without interest, for the purpose, along with the other referenced security herein, of securing the payment of the money judgments entered herein on August 27, 1999, in the aggregate amount of $257,780.76, plus costs in an amount to be determined, plus any costs that may be assessed in favor of DWHO and Summit on appeal, against the defendants;

3.   That subject to further order of this Court, the Security referenced in paragraphs 1 and 2 of this Order shall stand as security in lieu of an appeal bond under Fed. R. Civ. Pro. 62 and shall have the effect of staying the money judgments entered herein on August 27, 1999. Pending further order of this Court, the attached Security Agreement, secondary collateral assignment, UCC-1 State of Illinois Financing Statement (subject to re-submission, in typed form), and Mortgage shall remain in effect throughout the pendency of any and all appeals that the movants and Operation Rescue have taken, and may take henceforward, from said money judgments, or which Summit and DWHO may take in the event that said money judgments are reversed in whole or in part by the Court of Appeals, from which Summit and DWHO may take a further appeal, and in the event that the Judgment Debtors' appeals may be dismissed, or said money judgments should be affirmed, in whole or in part, and all appellate remedies of the

Judgment Debtors shall have been exhausted, and the mandate shall be returned to this Court, then this Court, on application of the Judgment Creditors, shall then determine whether and to what extent Summit and DWHO shall then be free to enforce, foreclose or otherwise collect the security and collateral pledged under the Security Agreement and UCC-1or foreclose upon the real estate mortgaged under said Mortgage, and whether and to what extent Summit and DWHO shall then be free to collect the $70,000 monies that have been deposited with Robinson, Curley & Clayton PC.

  4. That on the other hand, in the event that said money judgments entered in favor of Summit and DWHO should be reversed, in whole or in part, and all appellate remedies of Summit and DWHO with respect to said reversal shall have been exhausted, and the mandate shall have been returned to this Court, then the movants, or Ann Scheidler and/or Sarah Scheidler, as holders of 100% of the beneficial interest in Cole Taylor Land Trust #3226, may apply to this Court, and this Court shall then determine whether, and to what extent, the movants or Ann and/or Sarah Scheidler shall be free to secure the release of the security and collateral pledged under the Security Agreement and the real estate mortgaged under said Mortgage, and whether and to what extent the movants shall be free to reclaim the $70,000 monies that have been deposited with Robinson, Curley & Clayton PC, and Summit and/or DWHO may also apply to this Court to object thereto, and/or for an adjustment of the collateral and cash provided as security hereunder.

  5. That in the event that the money judgments that are secured by the deposit of said funds, the secondary collateral assignment, the Security Agreement, Form UCC-1, and the mortgage, shall be reversed, in whole or in part, only with respect to some but not all of the

Judgment Creditors (comprising Summit and DWHO), and/or some but not all of the Judgment

Debtors (comprising the movants and Operation Rescue), then either Summit and/or DWHO, or

the movants and/or Operation Rescue, and/or Ann and Sarah Scheidler (as holders of 100% of

the beneficial interest in the Cole Taylor Land Trust #3226) may apply to this Court for an

adjustment and/or release of the collateral and cash provided as security hereunder.

6. That any party may apply for any modification or adjustment of these security

arrangements for good cause shown throughout the pendency of these appeals, but otherwise

these arrangements shall remain in effect, pending further order of this Court.

DATED: March 22, 2000.

ENTER:

_____
Hon. David Coar, U.S. District Judge

Of Counsel:
Thomas Brejcha
185 North Wabash Avenue – Suite 1207
Chicago, Illinois 60601
Tel. 312-782-1680
Fax 312-782-1887
*Attorney for Movants-Judgment Debtors*

Michael Richman
Sachnoff & Weaver, Ltd.
30 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Tel. 312-207-1000
Fax 312-207-6400

Fay Clayton
Robinson, Curley & Clayton PC
300 South Wacker Drive – Suite 1700

5

Chicago, Illinois 60606
Tel. 312-663-3100
Fax 312-663-0303
*Attorneys for Plaintiffs-Secured Parties*

00193043

12/22/99

## SECURITY AGREEMENT

This SECURITY AGREEMENT ("the Agreement") is entered into this      day of December, 1999, by Joseph M. Scheidler and Ann Scheidler, his wife, and Sarah Scheidler, their daughter ("Security Obligors"), who reside and/or have their domicile at 6347 North LeRoy Avenue, Chicago, Illinois 60646 (the Property Address), Ann Scheidler and Sarah Scheidler being the owners of one hundred percent (100%) of the beneficial interest (the "Beneficial Interest") under a Trust Agreement dated April 23, 1985 (the "Trust Agreement" or "Trust"), of which Cole Taylor Bank is the trustee (the "Trustee"), under Trust # 3226, who are represented by and shall be notified through Thomas Brejcha and Richard Caro, Esqs., 185 North Wabash Avenue, Suite 1207, Chicago, Illinois 60601 (312-782-1680, Telefax No. 312-782-1887), on the one hand, and the National Women's Health Organization of Summit, Inc., a Wisconsin corporation, d/b/a Summit Women's Health Organization, Inc. ("Summit"), and the Delaware Women's Health Organization, Inc., a Delaware corporation ("DWHO")(the "Judgment Creditors"), who are also the secured parties hereunder ("Secured Parties"), who are represented by and shall be notified through Michael D. Richman, Esq., of the law firm of Sachnoff & Weaver, Ltd., 30 South Wacker Drive, Suite 2900, Chicago, Illinois 60606 (312-207-1000, Telefax No. 312-207-6400) and Fay Clayton, Esq. of Robinson, Curley & Clayton PC, 300 South Wacker Drive, Suite 1700, Chicago, Illinois 60606 (312-663-3100, Telefax No. 312-663-0303), on the other hand.

1.     GRANT OF SECURITY INTEREST; SECONDARY ASSIGNMENT: COLLATERAL.   To secure the Obligations (as defined in paragraph 2 below), the Security Obligors hereby grant a security interest in and assign to the Secured Parties, subject and subordinate to a prior collateral assignment in favor of the Glenview State Bank, an Illinois banking corporation, whose address is 800 Waukegan Road, Glenview, Illinois 60025 ("Glenview State Bank" or "Senior Assignee"), securing a FlexEquity line of credit, dated November 18, 1996, identified as Loan No. 70804123, which is also secured by a FlexEquity Account Mortgage, also dated November 18, 1996, and recorded December 5, 1996, as document no. 96920208; such grant of a security interest and collateral assignment encompass all of the rights and interest of the Security Obligors under the Trust Agreement including but not limited to: (a) the Beneficial Interest; (b) the right to receive any distributions of any property held by the Trust (such property being hereinafter referred to as the "Property"); (c) all rights to manage, direct and control the Property; (d) the absolute assignment and transfer of all rights and powers of direction with regard to the trust; and (e) all proceeds from all dispositions or realizations of any kind of the Property or the Beneficial Interest, whether disposition is by way of sale, rental, mortgage or otherwise and whether realization is by recovering of the proceeds of any insurance or condemnation award covering the Property, subject to the rights of any holder of a first mortgage or deed of trust lien on the Property.  (The foregoing rights and interests of Debtor in and under the Trust Agreement are hereinafter called the "Collateral").

2.     OBLIGATIONS.   The obligations secured by this Agreement (hereinafter the

1

EXHIBIT A

"Obligations") are the payment of the money judgments entered in favor of the Judgment Creditors on August 27, 1999, by the United States District Court for the Northern District of Illinois, in *N.O.W., et al vs. Scheidler, et al*, No. 86 C 7888, in the aggregate amount of $257,780.76, plus costs in an amount to be determined, plus any costs that may be assessed in favor of the Judgment Creditors on appeal, against Joseph Scheidler, Andrew Scholberg, Timothy Murphy, the Pro-Life Action League, Inc., an Illinois not-for-profit corporation, and Operation Rescue ("the Judgment Debtors"), and the Security Agreement securing these Obligations shall remain effective throughout the pendency of any and all appeals that may be taken by the Judgment Debtors from said money judgments or by the Judgment Creditors (in the event that the judgments are reversed, in whole or in part, by the Court of Appeals, from which the Judgment Creditors may themselves take a further appeal), and the Judgment Creditors shall be free to enforce, foreclose upon, and otherwise collect the security and collateral pledged by the Security Obligors hereunder in the event that the Judgment Debtors' appeals may be dismissed, or said money judgments shall be affirmed, in whole or in part, and all appellate remedies of the Judgment Debtors with respect to said money judgments shall be exhausted, and the mandate shall be returned to said United States District Court for the Northern District of Illinois, and that Court, on application of the Judgment Creditors, shall then determine either that the Judgment Creditors should then be free to enforce, foreclose or otherwise collect the security and collateral pledged hereunder. On the other hand, in the event that said money judgments should be reversed, in whole or in part, and all appellate remedies of the Judgment Creditors with respect to the reversal of said money judgments shall have been exhausted, and the mandate shall be returned to said United States District Court, and that Court, on application of the Judgment Debtors and/or Security Obligors, as the case may be, should then determine that such security and collateral should be released, in whole or in part, then such security and collateral shall be released. In the event that the money judgments representing the Obligations secured hereunder should be reversed, in whole or in part, only with respect to some but not all of the Judgment Creditors and/or Judgment Debtors, then either the Judgment Creditors, the Judgment Debtors, or the Security Obligors may apply to the United States District Court for the Northern District of Illinois for an adjustment and/or release of the security and collateral pledged hereunder.

3.  REPRESENTATIONS, WARRANTIES AND AGREEMENTS OF Security Obligors.  The Security Obligors hereby represent, warrant, and agree as follows:

A.  Of the Security Obligors, two of them, namely, Ann Scheidler and Sarah Scheidler, are the sole owners of the Beneficial interest free and clear from all liens, claims and encumbrances except for the security interest previously given to the Glenview State Bank, as Senior Assignee, and the security interest given hereunder. The Security Obligors have the right to grant the Judgment Creditors a security interest therein, subject to said prior collateral assignment, and the Security Obligors will guard and protect the Collateral and the Property against all claims of any persons adverse to the claim of the Senior Assignee, Glenview State Bank, and the Judgment Creditors.

B.  The Trust is the owner of record of the property. The Property is free and clear from

2

all liens, claims and encumbrances except as shown in a current commitment for title insurance issued by Chicago Title & Trust Company, with an effective date of September 16, 1999, a true copy of which has been provided by Security Obligors to the Judgment Creditors.

C.     There is no financing statement on file in any public office relating to the Beneficial Interest or the Trust that is known to the Security Obligors, except for that in favor of the Glenview State Bank, as Senior Assignee, and so long as the Obligations may be owing and unpaid hereunder to the Judgment Creditors, the Security Obligors will not execute nor cause the Trustee to execute any other financing statement with respect to the Collateral.

D.     At the request of the Judgment Creditors, the Security Obligors shall furnish the former with satisfactory evidence that the Property is adequately insured by a company or companies reasonably satisfactory to Glenview State Bank, as Senior Assignee. All insurance policies covering the Property shall include loss payable clauses in favor of the Judgment Creditors, subject to the provisions of this Security Agreement, and the Senior Assignment and First Mortgage, if applicable.

E.     The Security Obligors shall not assign, sell, transfer, or grant a security interest in the Collateral to anyone other than the Judgment Creditors or Senior Assignee, the Glenview State Bank, to sell, transfer, encumber any of the Property (nor suffer or permit anyone else to do so) without the prior written consent of the Judgment Creditors. Nor shall the Security Obligors permit or allow any further encumbrance but that of Glenview State Bank without the prior written consent of the Judgment Creditors.

F.     The Security Obligors shall (i) promptly repair, restore or rebuild any buildings or improvements now or hereafter on the Property which may become damaged of destroyed, provided that for anything more than minor damage, the Security Obligors may petition the United States District Court for the Northern District of Illinois for application of any proceeds from such damage or destruction toward the Security Obligors' obligations hereunder, if any, and to the Senior Assignee, as provided in subparagraph I hereof, if such repair, restoration or rebuilding would be unreasonably expensive, under the circumstances, and direct payment of proceeds to the Senior Assignee and Judgment Creditors would reasonably satisfy the Senior Assignee and the purposes of this Security Agreement; (ii) keep the Property in good condition and repair and without waste; (iii) comply with all government requirements with respect to the Property and the use thereof; and (iv) without the prior written consent of the Judgment Creditors, make no material alterations in the Property except as required by law.

G.     The Security Obligors have paid all taxes now or heretofore levied and shall timely pay all taxes hereafter levied or assessed against the Property before the same become delinquent, and shall promptly pay or discharge, as they become due, any all liens now or hereafter chargeable against the Property.

H.     The Security Obligors shall provide the Judgment Creditors with copies of insurance

3

policies, tax bills, and evidence of payment of the bills therefor within fourteen (14) days of their payment by the Security Obligors.

    I.    Subject to the provisions in subparagraph F hereof, in the event of a condemnation or destruction of all or any part of the Property, proceeds thereof shall be used and applied in satisfaction of the Obligations hereunder, if any, and to the Senior Assignee, Glenview State Bank.

    J.    The power of direction in said Trust shall remain in the hands of the Glenview State Bank, as Senior Assignee, unless and until it should either release its lien under the Senior Assignment that it holds, or unless it otherwise consents in writing to the exercise of said power of direction by another person or entity.

    K.    The Security Obligors represent and warrant that they know of no existing violations of any environmental laws or regulations, with respect to the Property, and that they believe the Property to be in full compliance with all such applicable governmental requirements.

    L.    The foregoing representations and warranties of the Security Obligors shall be of a continuing nature so long as this Security Agreement remains in effect.

    4.    RIGHTS AND OBLIGATIONS OF JUDGMENT CREDITORS, AS JUNIOR SECURED PARTIES.

    A.    The Judgment Creditors, as Junior Secured Parties, shall have the right, but not the obligation (i) to discharge taxes, liens or security interests or other encumbrances at any time levied or placed on the Collateral or Trust Property; and (ii) to pay premiums for insurance on, and expenses in connection with the maintenance and preservation of, the Collateral and the Property. Any payments made for expenses necessarily incurred by the Judgment Creditors, as Junior Secured Parties under this subparagraph, shall become a part of the Obligations hereby secured and the Security Obligors agree to reimburse the Judgment Creditors for said expenses if the Obligations hereunder become enforceable on return of the mandate, as previously provided.

    B.    Notwithstanding anything to the contrary contained in the Trust Agreement, the security interest herein above described is granted and assigned to the Judgment Creditors as Junior Secured Parties only by way of collateral security and the Judgment Creditors by their acceptance hereof shall not be deemed to have assumed or become liable for any of the obligations or liabilities of the Security Obligors under the Trust Agreement or under their Security Agreement with the Glenview State Bank, whether provided for by the terms of any document or by operation of law, or otherwise. The Security Obligors hereby expressly acknowledge that the Security Obligors shall remain liable under the Trust Agreement and under their Security Agreement or other obligations to the Glenview State Bank solely to the same extent as if this Security Agreement had never been made.

4

C. Nothing contained herein shall be construed as any form of express or implied waiver, limitation or exclusion of any and all legal rights of the Judgment Creditors to enforce or recover their judgments by any means or methods as provided by law or with respect to any other collateral security that may have been pledged or deposited to secure the Judgment Debtors' appeal of the said money judgments, subject to orders of the United States District Court for the Northern District of Illinois. The Judgment Creditors reserve the right to seek to increase the security posted and/or pledged hereunder or to modify the existing agreement for the further protection of their right to recover the money judgments, equally as the Security Obligors or Judgment Debtors may seek to reduce the security posted and/or pledged hereunder or to modify the existing agreement upon application to the District Court during the pendency of any party's appeal with respect to said money judgments.

5. EVENT OF DEFAULT ON PRIOR OR OTHER OBLIGATIONS

A. In the event that the Security Obligors, or any of them, receive Notice of any Default under their FlexEquity Agreement with the Glenview State Bank, or any other Notice of Default, the Security Obligors shall promptly give notice thereof to the Judgment Creditors, who shall be entitled to make immediate application to the United States District Court for the Northern District of Illinois for such relief as they deem reasonably required, under the circumstances.

B. In the event that the Glenview State Bank should take steps to enforce its lien by moving to liquidate the Collateral hereunder, or otherwise, then the Judgment Creditors shall be entitled to take such steps, subject to the approval of the United States District Court for the Northern District of Illinois, as they deem necessary to protect their Security Interest hereunder.

C. In the event that the Security Obligors should otherwise materially breach any promise, representations, or warranties herein, or otherwise are in default upon any of their obligations hereunder, then the Judgment Creditors shall be entitled to take such steps and/or seek such relief, including but not limited to the foreclosure of the security herein and execution of the money judgments secured herein, or petitioning for requirement of additional security, subject to the approval of the United States District Court for the Northern District of Illinois, as the Judgment Creditors deem reasonably required, under the circumstances. Nevertheless, the Judgment Creditors shall give prompt and prior Notice of any such Default to the Security Obligors who shall have seven (7) days from receipt of such Notice (subject to their petitioning the District Court for additional time, if reasonably required) to repair or cure said default, if any.

6. ACCELERATION OR OTHER REMEDIES (FREEZING THE LINE) BY SENIOR ASSIGNEE. In the event that the Glenview State Bank, as Senior Assignee, shall take any steps, on declaring an event of Default, such as freezing its line of credit, or declaring all sums secured by its Security Agreement with one or more of the Security Obligors to be immediately due and payable without further demand, or invoking any remedies available to it under its Note or Credit Documents or permitted by the applicable law, including rights under the Uniform Commercial Code of Illinois, or rights granted to it under the Trust Agreement, or by filing suits or

proceedings at law or in equity for foreclosure or appointment of a receiver or for enforcement of any other legal or equitable remedy available under applicable law, then the Security Obligors, or any of them, shall immediately notify the Judgment Creditors, who shall be entitled to make immediate application to the United States District court for the Northern District of Illinois for such relief as they deem reasonably required, under the circumstances.

7. **DEBTOR NOT RELEASED; FORBEARANCE BY SECURED PARTY NOT A WAIVER.** The Judgment Creditors shall not be deemed, by any act of omission or commission, to have waived any of their rights or remedies under this Security Agreement unless such waiver is in writing and signed by the Judgment Creditors or their counsel, and any such waiver shall apply only to the extent set forth specifically in writing.

8. **SUCCESSORS AND ASSIGNS BOUND; JOINT AND SEVERAL LIABILITY; CAPTIONS.** As used herein, the terms "Summit," "DWHO," "Secured Parties," "Judgment Creditors," "Glenview State Bank," "Senior Assignee," and "Security Obligors" shall include the respective heirs, devisees, endorsees, guarantors, sureties, endorsers, legal representatives, successors, and assigns. All of the terms, covenants, conditions and agreements set forth herein shall be binding upon and inure to the benefit of such parties, except that no rights shall inure to any successor of the Security Obligors unless consented to by the Judgment Creditors. The Security Obligors hereby acknowledge that the Judgment Creditors may freely assign or transfer all or any of their rights hereunder, as Secured Parties. If one or more persons signs this Agreement, each of them is jointly and severally obligated thereunder. The captions and headings of the paragraphs of this Agreement are for convenience and reference only; they in no way define, limit or construe the scope of intent hereof. In this Agreement, whenever the context so requires, the neuter shall include the masculine and feminine and the singular shall include the plural, where appropriate.

9. **NOTICES.** Except for any notice required under applicable law to be given in another manner: (a) any notice to the Security Obligors provided for in this Agreement shall be given by hand delivering it, or telefaxing it to the Security Obligors, in care of their counsel, Thomas Brejcha and Richard Caro, Esqs., at 185 North Wabash Avenue, Suite 1207, Chicago, Illinois 60601, Telefax No. 312-782-1887, (b) any notice to the Judgment Creditors shall be given by hand delivering it, or telefaxing it to the Judgment Creditors, in care of their counsel, Fay Clayton, Esq. of the law firm of Robinson, Curley & Clayton, P.C., 300 South Wacker Drive, Suite 1700, Chicago, Illinois 60606, Telefax No. 312-663-0303, and Michael D. Richman, Esq., of the law firm of Sachnoff & Weaver, Ltd., 30 South Wacker Drive, Suite 2900, Chicago, Illinois 60606, Telefax No. 312-207-6400, or to such other address as the Judgment Creditors may designate by written notice to counsel for the Security Obligors herein, and (c) any notice to the Senior Assignee shall be given by hand delivering it, or telefaxing it to Ms. Nikki Owens, Senior Vice-President, Glenview State Bank, 800 Waukegan Road, Glenview, Illinois. Any notice provided for in the Agreement shall be deemed to have been given on the date hand delivery is actually made, or the date of any telefaxing, as provided in this Paragraph 9.

6

10. GOVERNING LAW; SEVERABILITY. This Agreement shall be governed by the laws of the State of Illinois, which laws shall also govern and control the construction, enforceability and interpretation of this Agreement. The foregoing sentence shall not limit the applicability of federal law to this Agreement. Every provision hereof is intended to be severable. If any clause, provision or portion of this Agreement or the application thereof is determined by a court of competent jurisdiction to be invalid or unenforceable under applicable law, the remaining clauses, phrases, provisions and portions of this Agreement shall not be affected or impaired thereby, but each such remaining clause, phrase, provision, and portion shall be valid and enforceable to the fullest extent permitted by law.

11. JUDGMENT CREDITORS' & SECURITY OBLIGORS' COPIES. Counsel for the Judgment Creditors and counsel for the Security Obligors shall be furnished with executed copies of this Security Agreement at the time of execution or after acknowledgment hereof by the Trustee.

12. REMEDIES CUMULATIVE. The Judgment Creditors, as Secured Parties hereunder, may exercise all of the rights and remedies provided in this Agreement, as set forth herein, or which may be otherwise be available to said Judgment Creditors as a matter of law, subject to order of the United States District Court for the Northern District of Illinois.

13. JUDGMENT CREDITORS' RIGHT TO INSPECT. All of the terms, conditions and provisions of the Note and Security Agreement which the Security Obligors, or any of them, have executed in favor of the Glenview State Bank, as Senior Assignee, which grant any rights to said Glenview State Bank, as Senior Assignee, as against the Collateral and Property herein, shall be senior and precedent to the rights granted hereunder to the Judgment Creditors with respect to said Collateral and Property herein, and such rights of the Judgment Creditors shall in turn be junior and subordinate to the rights of the Glenview State Bank, as Senior Assignee, with respect to such Collateral and Property herein. The Security Obligors hereby represent that they are unaware of any duties or obligations owed to the Glenview State Bank other than those set forth in the current instruments which have been executed in favor of the Glenview State Bank, relating to the Property; that they have made what they believe to be true copies of such instruments, comprising a FlexEquity agreement and Mortgage, available to counsel for the Judgment Creditors prior to execution hereof, having obtained such true copies from the Glenview State Bank, which so described them; that they have authorized and requested of the Glenview State Bank that it permit counsel for the Judgment Creditors, upon the latter's request, to inspect the original signed copies of such instruments at the premises of the Glenview State Bank; and that they have secured the consent of the Glenview State Bank to the execution of this Security Agreement in favor of the Judgment Creditors.

14. TIME OF ESSENCE. Time is of the essence to this Agreement.

15. ACTUAL KNOWLEDGE. For purposes of this Agreement, the Judgment Creditors will not be deemed to have received actual knowledge of information required to be

7

conveyed to the Judgment Creditors, as Secured Parties, in writing until the date of actual receipt of such information at the offices of Fay Clayton, Esq. of Robinson, Curley & Clayton, P.C., 300 South Wacker Drive, Suite 1700, Chicago, Illinois 60606, Telefax No. 312-663-0303, and Michael D. Richman, Esq., Sachnoff & Weaver, Ltd., 30 South Wacker Drive, Suite 2900, Chicago, Illinois 60606, Telefax No. 312-207-6400. Such date shall be determined by the date of a telefax confirmation, in possession of the Security Obligors, or any of them, or their counsel, or the date of a delivery receipt executed by the receptionist or other receiving clerk at the offices of the Judgment Creditors' counsel.

16.   WAIVER OF STATUTORY RIGHTS.   The Security Obligors shall not and will not apply for or avail themselves of any homestead, appraisement, valuation, or redemption, or exemption laws, or any so-called "moratorium laws," now existing or hereafter enacted, in order to prevent or hinder the enforcement or foreclosure of this Agreement, but hereby waive the benefit of such laws.  More specifically, and without necessarily limiting the foregoing, the Security Obligors hereby waive any rights they may have or can claim under the Illinois Mortgage & Foreclosure Act, 735 ILCS §§15-1101 *et seq.*  The Security Obligors hereby waive, for themselves and for anybody who may claim through and under them, any and all rights to have the property and estates comprising the Property or Collateral marshaled upon any foreclosure of the lien hereof and agree that any court having jurisdiction to foreclose such lien may order the Property sold as an entirety.  The Security Obligors hereby waive any and all rights of redemption from sale under any order or decree of foreclosure, pursuant to rights herein granted on behalf of the Security Obligors, or on behalf of all persons beneficially interested in the Property or the Collateral and each and every person acquiring any interest in or title to the Property or the Collateral subsequent to the date of this Agreement, and on behalf of all other persons, to the extent permitted by Illinois law.  The Security Obligors further agree to and submit themselves to the personal jurisdiction of the United States District Court for the Northern District of Illinois for the enforcement of any such remedies herein under the Security Agreement or related documents and further agree that said Court shall constitute the sole and exclusive venue for adjudication of any disputes hereunder.

17.   EXPENSES OF LITIGATION.   If any suit or other legal proceeding should prove necessary to enforce any right or remedy of the Judgment Creditors, as Secured Parties hereunder, subject to prior order of the United States District Court for the Northern District of Illinois, the expenses incurred therein by the Judgment Creditors shall not enlarge the scope or the amount of the Obligations secured hereunder, as provided in paragraph 2 hereof, unless and only to the extent that the United States District Court for the Northern District of Illinois shall so determine.

18.   SUBORDINATION.   By reason of the existence of a prior assignment of the Collateral which has heretofore been disclosed to the Judgment Creditors and approved by the United States District Court for the Northern District of Illinois, in favor of the Glenview State Bank, as Senior Assignee, this Agreement shall be deemed subordinate to such prior assignment and none of the representations or warranties made by the Security Obligors herein shall be deemed breached by reason of such prior permitted assignment.  The Security Obligors have

8

purchased a current title policy from Chicago Title & Trust Company, a copy of which they have furnished to counsel for the Judgment Creditors, and they have represented and warranted that they know of no other liens or encumbrances on the Property apart from said prior collateral assignment and mortgage in favor of Glenview State Bank.

19.    ADDRESS OF THE PROPERTY AND MORTGAGES.   The Property, which is the real estate covered by the Trust Agreement, is commonly known as 6347 North LeRoy Avenue, Chicago, Illinois 60646. It is more particularly described in Exhibit A hereto, which is attached and made a part hereof.  There are no mortgages, liens or other encumbrances on the Property, except for the FlexEquity lien and mortgage in favor of the Glenview State Bank referred to in paragraph 1 hereof, and a title report with an effective date of September 16, 1999, has been provided to the Judgment Creditors.  Another mortgage is to be executed by the Cole Taylor Bank as Trustee under Trust No. 3226, in favor of the Judgment Creditors, junior to the sole existing mortgage in favor of Glenview State.

20.    FURTHER ASSURANCES.    The Security Obligors shall, at the reasonable request of the Judgment Creditors, subject to the approval of the United States District Court for the Northern District of Illinois, execute and deliver such financing statements or other instruments as the Judgment Creditors shall deem necessary or appropriate in order to protect and preserve the Judgment Creditors' security interest in the Collateral and hereby authorize the Judgment Creditors, as Secured Parties, to file such financing statements and amendments thereto relative to all or any part of the Collateral without the signature of the Security Obligors wherever permitted by law.

21.    RELEASE.   Upon the full payment and discharge of all Obligations secured by this Agreement, should such Obligations become enforceable as provided in paragraph 2 hereof, in the event that said money judgments are affirmed, or the Judgment Debtors' appeal therefrom dismissed, and all appellate remedies of the Judgment Debtors (or Judgment Creditors, in the event of a reversal, in whole or in part, as to the Judgment Debtors in the Court of Appeals from which the Judgment Creditors may themselves take a further appeal) should have become exhausted, as determined upon remand by order of the United States District Court for the Northern District of Illinois, after return of the mandate, and upon application to said Court by either the Judgment Debtors, Security Obligors, and/or Judgment Creditors, as the case may be, then this Agreement shall become null and void and the Judgment Creditors shall be deemed to have released the security interest granted herein without charge to the Security Obligors, or any of them.  All costs incurred in filing such Release shall be borne by the Security Obligors.  In the event that the money judgments representing the Obligations secured hereunder should be reversed, in whole or in part, only with respect to some but not all of the Judgment Debtors and/or Judgment Creditors, then either the Judgment Creditors, the Judgment Debtors, or the Security Obligors may apply to the United States District Court for the Northern District of Illinois for an adjustment and/or release of the security and collateral pledged hereunder.  Nothing contained in paragraph 21 shall impair, compromise, or affect any party's rights or obligations under paragraph 2 hereof.

9

22.    MERGER & MODIFICATION.  This Security Agreement, and that certain Mortgage and that certain Assignment of Beneficial Interest, both dated the date hereof, contain the entire agreement of the respective parties concerning their subject matters.  Except as otherwise provided herein, this Agreement shall not be modified or amended except for good cause shown, upon application to the United States District Court for the Northern District of Illinois.

_____          _____
Ann M. Scheidler              Date          Joseph M. Scheidler            Date


_____
Sarah Scheidler              Date


## ACCEPTANCE OF SECURED PARTIES, AS JUDGMENT CREDITORS

The National Women's Health Organization of Summit, Inc., a Wisconsin corporation, d/b/a Summit Women's Health Organization, Inc. ("Summit") and the Delaware Women's Health Organization, Inc., a Delaware corporation ("DWHO"), as Judgment Creditors, hereby accept and acknowledge the receipt of the foregoing secondary collateral assignment, subject to a $100,000 Glenview State Bank first mortgage and collateral assignment.

National Women's Health Organization          Delaware Women's Health Organization, Inc., a
of Summit, Inc., a Wisconsin corporation,          a Delaware corporation,
d/b/a Summit Women's Health Organization,
Inc.

By: _____ 1/6/2000          By: _____ 1/6/2000
                        Date                                Date

Its _____          Its _____

10

22. **MERGER & MODIFICATION.** This Security Agreement, and that certain Mortgage and that certain Assignment of Beneficial Interest, both dated the date hereof, contain the entire agreement of the respective parties concerning their subject matters. Except as otherwise provided herein, this Agreement shall not be modified or amended except for good cause shown, upon application to the United States District Court for the Northern District of Illinois.

_Ann M. Scheidler_ 12/23/99                    _Joseph M. Scheidler_ 12/23/99
Ann M. Scheidler                 Date          Joseph M. Scheidler              Date


_Ann Scheidler, as attorney-in-fact for Sarah Scheidler_
Ann Scheidler, as Attorney-in-fact    Date    12/23/99
For Sarah Scheidler

## ACCEPTANCE OF SECURED PARTIES, AS JUDGMENT CREDITORS

The National Women's Health Organization of Summit, Inc., a Wisconsin corporation, d/b/a Summit Women's Health Organization, Inc. ("Summit") and the Delaware Women's Health Organization, Inc., a Delaware corporation ("DWHO"), as Judgment Creditors, hereby accept and acknowledge the receipt of the foregoing secondary collateral assignment, subject to a $100,000 Glenview State Bank first mortgage and collateral assignment.

National Women's Health Organization          Delaware Women's Health Organization, Inc., a
of Summit, Inc., a Wisconsin corporation,      a Delaware corporation,
d/b/a Summit Women's Health Organization,
Inc.

By:_____                    By:_____
                        Date                                          Date


Its_____                    Its_____

10

22.    MERGER & MODIFICATION.  This Security Agreement, and that certain
Mortgage and that certain Assignment of Beneficial Interest, both dated the date hereof, contain
the entire agreement of the respective parties concerning their subject matters.  Except as
otherwise provided herein, this Agreement shall not be modified or amended except for good
cause shown, upon application to the United States District Court for the Northern District of
Illinois.

_Ann M. Scheidler_ 3/14/00        _Joseph M. Scheidler_ 3/14/00
Ann M. Scheidler        Date        Joseph M. Scheidler        Date

_Sarah Scheidler_    3/14/00
Sarah Scheidler        Date

## ACCEPTANCE OF SECURED PARTIES, AS JUDGMENT CREDITORS

The National Women's Health Organization of Summit, Inc., a Wisconsin corporation,
d/b/a Summit Women's Health Organization, Inc. ("Summit") and the Delaware Women's Health
Organization, Inc., a Delaware corporation ("DWHO"), as Judgment Creditors, hereby accept and
acknowledge the receipt of the foregoing secondary collateral assignment, subject to a $100,000
Glenview State Bank first mortgage and collateral assignment.

National Women's Health Organization        Delaware Women's Health Organization, Inc., a
of Summit, Inc., a Wisconsin corporation,        a Delaware corporation,
d/b/a Summit Women's Health Organization,
Inc.

By:_____        By:_____
                     Date                                Date

Its _____        Its_____

10

## TRUSTEE'S ACKNOWLEDGMENT AND RECEIPT

Cole Taylor Bank, as Trustee under its Trust Number 3226, hereby acknowledges receipt of the foregoing secondary collateral assignment this *17th* day of *March*, 1999.
*2000*

Cole Taylor Bank, As Trustee, as Aforesaid

By: _____

*3/17/0*     Date

Its     VICE PRESIDENT

**THIS DOCUMENT HAS BEEN PREPARED BY THOMAS BREJCHA, ATTORNEY AT LAW, 185 NORTH WABASH AVENUE, SUITE 1207, CHICAGO, ILLINOIS 60601, AND BY MICHAEL RICHMAN, ATTORNEY AT LAW, 30 SOUTH WACKER DRIVE, SUITE 2900, CHICAGO, ILLINOIS 60606.**

11

## EXHIBIT A

### Legal Description

LOT 28 AND THE NE 12 FEET OF LOT 27 IN BLOCK 3 OF BECKER'S EDGEBROOK

FOREST PRESERVE ADDITION, A SUBDIVISION OF BLOCKS 18, 19, 24 AND 25 IN

BRONSON'S PART OF CALDWELL'S RESERVE IN TOWNSHIP 40 NORTH, RANGE 13

EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

**G**
COLE TAYLOR BANK

Cook County Recorder of Deeds

00110000

SECONDARY COLLATERAL
*ASSIGNMENT*

Dated: December 23, 1999

for collateral purposes only

FOR VALUE RECEIVED, I/we hereby sell, assign, transfer and set over unto

as per Security Agreement unto National Women's Health Organization of

Summit, Inc., a Wisconsin corporation, d/b/a Summit Women's Health Organiza-

tion, Inc. and Delaware Women's Health Organization, Inc. a Delaware corp

all my/our rights, powers, privileges and beneficial interest in and under that certain trust agreement

dated the ___23rd___ day of ___April___, 19 85 COLE TAYLOR BANK ASSUCCESSOR

TO GLENVIEW STATE BANK

BANK Trust Number ___3226___, including all interest of the undersigned in the property held

subject to said trust agreement.

The power of direction under this trust hereafter shall be exercised by ANN M. SCHEIDLER, subject

to approval of Glenview State Bank, as senior collateral assignee

One Hundred Perc.  100%

This assignment transfers _____ percent (_____%) of the entire beneficial interest in said trust.

*Ann M. Scheidler*

ANN M. SCHEIDLER                                    SS # _____

6347 North Leroy, Chicago, Illinois SS #           Phone 773-774-1030

Social Security No. 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

*Sarah M. Scheidler*                               SS # _____

SARAH M. SCHEIDLER

6347 North Leroy, Chicago, Illinois    Phone 773-774-1030

Social Security No. 341-709-107

*ACCEPTANCE*

I/We accept the foregoing assignment subject to all provisions of said trust agreement, and subject to
power of direction as stated above.

_____                    Address 312 Mitch Rd
        President                                  Wilmington, DE 19804
Social Security #_____           Telephone # 302-792-7946

_____                    Address 530 N. Water St
        President                                  Milwaukee, Wisc. 53202
Social Security #_____           Telephone # 414-289-1900

_____                    Address I HEREBY CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT C
                                                   SECONDARY COLLATERAL
Social Security #_____                   ASSIGNMENT
                                           Telephone #_____

_____                    Address REGARDING COLE TAYLOR BANK TRUST NUMBER 3226

Social Security #_____           Telephone #_____
                                                   COLE TAYLOR BANK
                                           BY_____  Sr.T.O

                                           DATED 1/20/00

                                                   WHEELING LOCATION

*TRUSTEE'S RECEIPT*

COLE TAYLOR BANK, as Trustee under its Trust Number ___3226___, hereby
acknowledges receipt of the foregoing assignment this ___20th___ day of ___January___, A.D. 2000.

COLE TAYLOR BANK
As Trustee as aforesaid

By: _____
    Assistant-Vice-President and-Trust Officer
                                Sr.

Before lodging an executed copy of this Assignment with the Trustee, compliance should be had with the appropriate transfer tax
regulations.
This Assignment should be executed in duplicate by both assignor and assignee and one executed copy lodged with COLE
TAYLOR BANK.

BFD-324S

FROM  1 847 234-5162                    TO        13127821887    P.02

Cook County Recorder of Deeds

00109999

FEB 14 2000

## MORTGAGE

...AGE dated January ___, 2000 ("this Mortgage") between Cole Taylor Bank, an ...ng corporation, whose address is *800 Waukegan Road, Glenview, Illinois and the National Women's Health Organization of Summit, Inc., d/b/a Summit Health Organization, Inc., a Wisconsin corporation, and the Delaware Women's ...ganization, Inc., a Delaware corporation (jointly and severally, "Mortgagee").

... not personally but as Trustee under the provisions of a deed in trust duly recorded and ...ed to Grantor pursuant to a Trust Agreement dated April 23, 1985, and known as Trust ...er 3226, mortgages and conveys to Mortgagee all of Grantor's right, title, and interest in ...to the following described real property, together with all existing buildings improvements ...d fixtures; all easements, rights of way and appurtenances; and all other rights relating to ...e real property located in Cook County, State of Illinois ("the Real Property"):

LOT 28 AND THE NORTHEAST 12 FEET OF LOT 27 IN BLOCK 3 IN BECKER'S EDGEBROOK FOREST PRESERVE ADDITION, A SUBDIVISION OF BLOCKS 18, 19, 24 AND 25 IN BRONSON'S PART OF CALDWELL'S RESERVE IN TOWNSHIP 40 NORTH, RANGE 13, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

The Real Property or its address is commonly known as 6347 North LeRoy Avenue, Chicago, Illinois 60646, PIN 13-04-205-034-0000.

OBLIGATIONS. The "Obligations" secured by this Mortgage are the payment of the money judgments entered in favor of the Judgment Creditors on August 27, 1999, by the United States District Court for the Northern District of Illinois, in *N.O.W. et al v. Scheidler, et al*, No. 86C7888, in the aggregate amount of $257,780.76, plus costs in an amount to be determined, plus any costs that may be assessed in favor of the Judgment Creditors on appeal (collectively, "the Money Judgments"), against Joseph Scheidler, Andrew Scholberg, Timothy Murphy, the Pro-Life Action League, Inc., an Illinois not-for-profit corporation, and Operation Rescue ("the Judgment Debtors"). This Mortgage shall remain effective throughout the pendency of any and all appeals that may be taken by the Judgment Debtors from the Money Judgments or by the Judgment Creditors (in the event that the judgments are reversed, in whole or in part, by the Court of Appeals, from which the Judgment Creditors may themselves take a further appeal), and the Judgment Creditors shall be free to enforce and foreclose upon this Mortgage in the event that the Judgment Debtors' appeals may be dismissed, or the Money Judgments shall be affirmed, in whole or in part, and all appellate remedies of either the Judgment Debtors and/or the Judgment Creditors with respect to the Money Judgments shall be exhausted, and the mandate shall be returned to said United States District Court for the Northern District of Illinois, and that Court, on application of the Judgment Creditors, the Judgment Debtors, and/or the Grantor, as the case may be, shall then determine either that the Judgment Creditors should then be free to enforce and foreclose upon this Mortgage, or that this Mortgage should be released. In the event that the money judgments representing the Obligations should be reversed, in whole or in part, only with respect to some but not all of the Judgment Creditors and/or Judgment Debtors, then either the Judgment Creditors, the Judgment Debtors, or the Grantor may apply to the United States District Court for the Northern District of Illinois for an adjustment and/or release of this Mortgage.

*111 W. Washington Street, Suite 650, Chicago, IL 60602

EXHIBIT C

ROM  1 847 234-5162          TO          13127821887   P.03

**SUBORDINATION.** This Mortgage is and shall be subordinate to that certain mortgage recorded in the County of Cook, in the State of Illinois, on December 5, 1996, as document No. 96920208, made by Cole Taylor Bank Trust No. 3226 to Glenview State Bank to secure an indebtedness in the amount of $100,000.00, encumbering the Real Property ("the Senior Mortgage"). The liens and security interests created by this Mortgage are and shall be subordinate to the liens and security interests created by the Senior Mortgage and to any and all amendments, modifications, extensions, replacement or renewals of the Senior Mortgage, and to any and all advances heretofore made or hereafter to be made under the Senior Mortgage pursuant to the terms thereof.

**SUBORDINATION OF PAYMENT.** Until such time as the date on which the Senior Mortgage has been paid in full or, the payment of the Money Judgments shall be postponed and subordinated to the payment of all debts secured by the Senior Mortgage, and the Mortgagee shall accept no payment on account of this Mortgage.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that: (a) this Mortgage is executed at the request of the beneficiaries of Trust No. 3226 and not at the request of Mortgagee; and (b) Grantor has full power and right to enter into this Mortgage and to hypothecate the Real Property.

**ENFORCEMENT.** The Obligations shall be effective in the event that the appeal taken by the Judgment Debtors from the Money Judgments shall be dismissed or the Money Judgments are affirmed, in whole or in part, and all appellate remedies of the Judgment Debtors shall be exhausted, and when the mandate shall be returned to the United States District Court for the Northern District of Illinois, and said court shall then determine that the Obligations are then due and payable.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Mortgage, the Judgment Debtors shall pay to each Mortgagee the portion of the Obligations owed to the respective Mortgagee and secured by this Mortgage, when it becomes due and payable as set forth in this Mortgage.

**FULL PERFORMANCE.** Upon the full payment or discharge of the Obligations, should the Obligations become enforceable as provided in the paragraph above captioned "Obligations", in the event that the Money Judgments are affirmed, or the Judgment Debtors' appeal therefrom dismissed, and all appellate remedies of the Judgment Debtors (or Judgment Creditors, in the event of a reversal, in whole or in part, as to the Judgment Debtors in the Court of Appeals from which the Judgment Creditors may themselves take a further appeal) should have become exhausted, as determined upon remand by order of the United States District Court for the Northern District of Illinois, after return of the mandate, and upon application to said Court by either the Judgment Debtors, Grantor, and/or Judgment Creditors, as the case may be, then this Mortgage shall become null and void and the Judgment Creditors shall be deemed to have released this Mortgage without charge to the Grantor. In the event that the money judgments representing the Obligations should be reversed, in whole or in part, only with respect to some but not all of the Judgment Creditors and/or Judgment Debtors, then either the Judgment Creditors, the Judgment Debtors, or the Grantor may apply to the United States District Court for the Northern District of Illinois for an adjustment and/or release of this Mortgage. Nothing contained in this section shall impair, compromise or affect any party's rights, duties or obligations under the paragraph above captioned "Obligations".

**EXPENSES OF LITIGATION.** If any suit or other legal proceeding should prove necessary to enforce any right or remedy of Mortgagee as secured party hereunder, subject to prior order of the United States District Court for the Northern District of Illinois, the expenses incurred therein by Mortgagee shall not enlarge the scope or the amount of the Obligations secured hereby, unless and only to the extent that such court shall so determine.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Mortgage:

**Amendments.** This Mortgage, and that certain Security Agreement and that certain Assignment of Beneficial Interest dated December 1999 or January 2000, contain the entire agreement of the respective parties concerning their subject matters. This Mortgage shall not be modified or amended, except for good cause shown, upon application to the United States District Court for the Northern District of Illinois, and no modification or amendment to this Mortgage shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the modification or amendment.

**Applicable Law.** This Mortgage has been delivered to Mortgagee and accepted by Mortgagee in the State of Illinois. This Mortgage shall be governed by and construed in accordance with the laws of the State of Illinois. This provision shall not limit the applicability of federal law to this Mortgage.

**Caption Headings.** Caption headings in this Mortgage are for convenience purposes only and are not to be used to interpret or defined the provisions of this Mortgage.

**Merger.** There shall be no merger of the interest or estate created by this Mortgage with any other interests or estate in the Real Property at any time held by or for the benefit of Mortgagee in any capacity, without the written consent of Cole Taylor Bank, an Illinois banking corporation.

**Multiple Parties.** The respective obligations of the parties hereto shall be joint and several. Where a party is a corporation, it is not necessary for any other party to inquire into the powers of any such corporation or of the officers, directors or agents acting or purporting to act on its behalf.

**Notices.** Except for any notice required under applicable law to be given in another manner: (a) any notice to the Judgment Debtors contemplated by this Mortgage shall be given by hand delivering it, or telefaxing it to the Judgment Debtors in care of their counsel, Thomas Brejcha and Richard Caro, Esqs., at 185 North Wabash Avenue, Suite 1207, Chicago, Illinois 60601, Telefax No. 312-782-1887, and to Grantor at Grantor's address set forth above, or at such other address at the Judgment Debtors may designate by written notice to counsel for Mortgagee; and (b) any notice to Mortgagee shall be given by hand delivering it, or telefaxing it to their counsel, Fay Clayton, Esq., of the law firm of Robinson, Curley & Clayton, P.C., 300 South Wacker Drive, Suite 1700, Chicago Illinois 60606, Telefax No. 312-663-0303, and Michael D. Richman, Esq., of the law firm of Sachnoff & Weaver, Ltd., 30 South Wacker Drive, Suite 2900, Chicago, Illinois 60606, Telefax No. 312-207-6400, or to such other address as Mortgagee may designate by written notice to counsel for the Judgment Debtors. Any notice

-3-

01-03-2000 12:13PM     FROM 1 847 234-5162          TO          1312782183̄     P.05

provided for in this Mortgage shall be deemed to have been given on the date hand delivery is actually made, or the date of any telefaxing as provided in this paragraph.

Severability. If a court of competent jurisdiction finds any provision of this Mortgage to be invalid or unenforceable as to any person or circumstance, such finding shall not render provision invalid or unenforceable as to any other person or circumstance. Any such offending provision shall be deemed to be modified to be within the limits of enforceability or validity; however, if the offending provision cannot be so modified, it shall be stricken and all other provisions of this Mortgage in all other respects shall remain valid and enforceable.

Time of Essence. Time is of the essence to this Mortgage and all provisions relating thereto shall be strictly construed.

GRANTOR'S LIABILITY. This Mortgage is executed by Grantor, not personally, but as Trustee as provided above in the exercise of the power and the authority conferred upon and vested in it as such Trustee (and Grantor thereby warrants that it possesses full power and authority to execute this instrument). It is expressly understood and agreed that with the exception of the foregoing warranty, notwithstanding anything to the contrary contained herein, that each and all of the warranties, indemnities, representations, covenants, undertakings and agreements made in this Mortgage on the part of Grantor, while in form purporting to be the warranties, indemnities, representations, covenants, undertakings and agreements of Grantor, are nevertheless each and every one of them made and intended not as personal warranties, indemnities, representations, covenants, undertakings and agreements by Grantor or for the purpose or with the intention of binding Grantor personally, and nothing in this Mortgage or in the Note shall be construed as creating any liability on the part of Grantor personally to pay the Note or any interest that may accrue thereon, or any other Indebtedness under this Mortgage, or to perform any covenants, undertaking or agreement, either express or implied, contained in this Mortgage, all such liability, if any, being expressly waived by Mortgagee and by every person now or hereafter claiming any right or security under this Mortgage, and that so far as Grantor and its successors personally are concerned, the owner or owners of any Indebtedness shall look solely to the Real Property for the payment of the Obligations, by the enforcement of the lien created by this Mortgage or by action to enforce the personal liability of the Judgment Debtors.

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND GRANTOR AGREES TO ITS TERMS.

GRANTOR:

Cole Taylor Bank, as Trustee under Trust 3226
and not personally

By_____          Attest:_____
Name and Title Mario V. Gotanco, A.V.P.   By_____
                                      Name and Title Linda L. Horcher, Sr.T.O.


This Mortgage prepared by Thomas Brejcha, Attorney at Law, 185 North Wabash Avenue, Suite 1207, Chicago, Illinois 60601, by M. Kathleen O'Brien, Attorney at Law, 1452 Edgewood

Road, Lake Forest, Illinois 60045, and by Michael D. Richman, Attorney at Law, 30 S. Wacker Dr., Suite 2900, Chicago, IL 60606.

## CORPORATE ACKNOWLEDGMENT

State of Illinois )
                  ) ss.
County of Cook    )

I, the undersigned, a notary public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that __Mario V. Gotanco__ and __Linda L. Horcher__ known to me to be the authorized agents of Cole Taylor Bank, appeared before me this day in person and executed the Mortgage and acknowledged the Mortgage to be the free and voluntary act of Cole Taylor Bank, by authority of its Bylaws or by resolution of its board of directors, for the uses and purposes therein mentioned, and on oath stated that they are authorized to executed this Mortgage and in fact executed this Mortgage on behalf of said bank.

Given under my hand and official seal, this ___20th___ day of January, 2000.

_____
                      Notary Public

Commission expires:

```
"OFFICIAL SEAL"
MARITZA CASTILLO
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 11/13/2002
```

## STATE OF ILLINOIS
### UNIFORM COMMERCIAL CODE.—FINANCING STATEMENT—FORM UCC-1

INSTRUCTIONS:
1. PLEASE TYPE this form. Fold only along perforation for mailing.
2. Remove Secured Party and Debtor copies and send other 3 copies with interleaved carbon paper to the filing officer. Enclose filing fee.
3. If the space provided for any item(s) on the form is inadequate the item(s) should be continued on additional sheets, preferably 5" x 8" or 8" x 10". Only one copy of such additional sheets need be presented to the filing officer with a set of three copies of the financing statement. Long schedules of collateral, indentures, etc., may be on any size paper that is convenient for the secured party.

This STATEMENT is presented to a filing officer for filing pursuant to the Uniform Commercial Code.

| Debtor(s) (Last Name First) and address(es) | Secured Party(ies) and addresses | For Filing Officer (Date, Time, Number, and Filing Office |
|---|---|---|
| ANN M. SCHEIDLER, 6347 No. Leroy Chicago by Ill. and SARAH M. SCHEIDLER, 6347 No. Leroy, Chicago, Illinois | National Womens Health Organization of Delaware, Inc. d/b/a Delaware Women's Health organization, Inc., 312 Mitch Rose, Wilmington, Del. 19804, and National Women's Health Organization of Summit, Inc., d/b/a Summit Womens Health Organization, 530 No. Water St., Milwaukee, Wisconsin 53202 | |

1. This financing statement covers the following types (or items) of property:

For collateral purposes only debtors, as per Security Agreement, have transferred and assigned 100% of the beneficial interest in Cole Taylor Bank Trust Number 3226, including all interest in the property held subject to said Land Trust. Attached are copies of Secondary Collateral Assignment, dated December 23, 1999, and mortgage executed by Cole Taylor Bank, as Trustee under Trust No. 3226 and not personally, on January 20, 2000 This Land Trust is commonly known as 6347 No. Leroy, Chicago, Illinois

ASSIGNEE OF SECURED PARTY

2. ☐ Products of Collateral are also covered.

_____ Additional sheets presented.

_____ Filed with Office of Secretary of State of Illinois.

_____ Debtor is a transmitting utility as defined in UCC § 9-105.

By: _Ann M. Scheidler_ (Signature of Debtor)

_Sarah M. Scheidler_ (Secured Party)*

* Signature of Debtor Required in Most Cases:
Signature of Secured Party in Cases Covered by UCC § 9-402 (2)

(1) FILING OFFICER COPY - ALPHABETICAL

This form of financing statement is approved by the Illinois Secretary of State.

STANDARD FORM · UNIFORM COMMERCIAL CODE · FORM UCC-1 · REV 1975

*EXHIBIT D*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL ORGANIZATION FOR WOMEN, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | NO. 86 C 7888 |
| vs. | ) ) | Hon. David Coar, U.S. District Judge |
| JOSEPH SCHEIDLER, et al., | ) ) | |
| Defendants. | ) | |

## DECLARATION IN SUPPORT OF DEFENDANTS' MOTION FOR APPROVAL OF ALTERNATIVE SECURITY

The undersigned, and each of them, hereby declare upon oath and under penalty of perjury, pursuant to the laws of the United States of America, that they have abided and observed the obligations incumbent on them under that certain Security Agreement, which they executed on December 23, 1999 and specifically, that they have not clouded the title of the subject property, commonly known as 6347 North LeRoy Avenue, Chicago, Illinois 60646, nor encumbered it or subjected it to any liens, claims or encumbrances not shown in the current commitment for title insurance referred to in said Security Agreement. They further declare that, as said property is held in a land trust, under a Trust Agreement dated April 23, 1985, of which Cole Taylor Bank is the trustee, under Trust #3226 ("the Land Trust"), they have done nothing from December 23, 1999, to date, to alter, impair, or modify in any way the ownership or control of the beneficial interest in said Land Trust, and they have abided and observed the obligations incumbent on them under said Security Agreement, which they executed on December 23, 1999, with respect to said Land Trust, from that date until the present date.

*EXHIBIT E*

Further the Declarants sayeth not.

Subscribed and sworn to, on oath and under penalty of perjury pursuant to the laws of the

United States of America, this 17th day of March, 2000.

_Ann M. Scheidler_ 3/17/00
Ann M. Scheidler        Date

_Ann Scheidler, as attorney
in fact for Sarah Scheidler_ 3/17/00
Ann Scheidler, as Attorney-      Date
in-Fact for Sarah Scheidler

_Joseph M. Scheidler_ 3/17/00
Joseph M. Scheidler       Date