IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ORGANIZATION FOR WOMEN, INC., *et al.*, ) | |
| ) | No. 86 C 7888 |
| Plaintiffs, ) | |
| ) | |
| v. ) | Judge David H. Coar |
| ) | |
| JOSEPH M. SCHEIDLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' OPPOSITION TO SCHEIDLER
## DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT

Defendants are apparently unwilling to let this case end. Rather than accept a final

judgment dismissing all claims against them, they have filed a motion to revisit settled issues and

to obtain improper discovery of members of the Clinic Class.[1] The Motion to Alter or Amend

Judgment (the "Motion") by Defendants Joseph Scheidler, Andrew Scholberg, Timothy Murphy

and the Pro-Life Action League, Inc. (the "Scheidler Defendants"), but not by Defendant

Operation Rescue, seeks the identities of Clinic Class members and notice – something that they

were denied or failed to request a decade ago. They also seek advisory rulings that are

premature, speculative and unlikely ever to be needed.

As we show below, the Scheidler Defendants' Motion is improper because (1) they

brought a virtually identical motion in 1999, it was denied, and they have waived the issue by not

appealing it; (2) since 1999, the Clinic Class has been, in essence, a Fed. R Civ. P. 23(b)(2) class

---

[1]      The "Clinic Class" has long been defined by the Court as "the class of all
women's health centers in the United States at which abortions are performed." *See* Docket No.
1005, Order of March 28, 1997. *See also* Docket No. 1549, Order of May 14, 2007.

and Rule 23 does not require that each member of such a class be individually identified in the final judgment; and (3) the preclusive effect of the judgment cannot be determined now because *res judicata* is determined retroactively, not prospectively. For all these reasons, the Scheidler Defendants' Motion should be denied.[2]

## I. DEFENDANTS HAVE WAIVED THE ISSUES OF THE LIST OF CLASS MEMBERS AND NOTICE

The Scheidler Defendants have waived their argument that they are entitled to a list of all Clinic Class members because they previously made this request, shortly after trial, and it was denied; they did not appeal, and thus they waived the issue. Their attempt to compel notice to the Class at this late date has also been waived.

### A. Defendants Have Waived Their Argument That They Are Entitled to a List of Clinic Class Members

Following trial and the entry of a jury verdict against them, the Scheidler Defendants made a series of post-trial motions. Among them was a "Motion to Require the Identification of All Absent Clinic Class Members, to Release the Seal and Protective Order As to the Identity of the Clinic Class Members Which Opted Out, and to Lift the Protective Order for Early Sessions of the Hill Deposition" (the "Prior Motion"). *See* Docket No. 1301, entered August 3, 1999. On August 5, 1999, this Court denied the Scheidler Defendants' Prior Motion, stating:

---

[2] Plaintiffs do not object to Defendants' request that the caption of the final judgment order be amended from "Judgment Against Certain Defendants" to "Judgment In Favor of Certain Defendants." Nor do we object to the final judgment order accounting for Defendants' recovery of taxable costs, though Plaintiffs do reserve the right to challenge Defendants' costs and the Scheidler Defendants' apparent delinquency in filing their bill of costs. Plaintiffs do object, however, to Defendants' melodramatic rhetoric regarding the procedural history of this case. As this Motion demonstrates, when ascertaining why this case has taken so long, the Scheidler Defendants would do well to look at themselves.

> The following motions were ruled upon: (1) Scheidler Defendants'
> Motion to Require the Identification of All Absent Clinic Class
> Members, to Release the Seal and Protective Order as to the
> Identity of the Clinic Class Members Which Opted Out, and to Lift
> the Protective Order for Early Sessions of the Hill Deposition is
> DENIED.

Docket No. 1309, Order of August 5, 1999 (copy attached hereto as Exhibit A). The Scheidler

Defendants included this August 5, 1999, Minute Order on the list of orders appealed in their

Notice of Appeal, but they did not argue this issue in the Seventh Circuit. Their Seventh Circuit

appellant brief contains only a single sentence of argument: the conclusory seven-word

statement, "Nor were absent class members even identified." *See* Docket No. 1310, Notice of

Appeal entered August 6, 1999, at 2; Seventh Circuit Brief for Defendant-Appellants Joseph M.

Scheidler, Pro-Life Action League, Inc., Andrew Scholberg, and Timothy Murphy, filed Jan. 28,

2000, at 29.

Because the Scheidler Defendants did not timely argue this issue in the court of appeals,

they waived the issue and may not reargue it now. *United States v. Swanson*, No. 05-4432, slip

op. at 9 (7th Cir. Apr. 20, 2007) ("any issue that could have been but was not raised on appeal is

waived") (copy attached hereto as Exhibit B); *Smith v. Northeastern Ill. Univ.*, 388 F.3d 559, 569

(7th Cir. 2004) (single sentence in appellate brief insufficient to preserve argument because

"undeveloped argument constitutes waiver"). The Scheidler Defendants may not take advantage

of the remand to this Court to reopen closed issues. *Swanson*, slip op. at 10 (a party "cannot use

the accident of a remand to raise in a second appeal an issue that he could just as well have raised

in the first appeal"). The fact that the prior final judgment was vacated does not help them:

Defendants appealed the final judgment in 1999. Defendants' Prior Motion challenged the form

of the final judgment under Rule 23(c)(3). It was denied, and although they included the order of

denial in their notice of appeal, they did not brief the issue nor pursue it in the Seventh Circuit. This is a textbook example of an issue that has been waived. For this reason alone, the Scheidler Defendants' Motion should be denied.

### B. Defendants Have Waived Their Argument That the Notice Provided the Clinic Class Was Deficient

To the extent that the Scheidler Defendants are attempting to re-litigate the sufficiency of the notice given the Clinic Class, those arguments are also waived. As Defendants concede, the absent members of the Clinic Class were notified of the pendency of this action and given an opportunity to opt out of the class, as required by Rule 23. A small number of absent class members exercised their right to opt out. The identities of the clinics that opted out were filed with the Court and provided to Defendants' counsel on an attorneys'-eyes-only basis.[3] This Court ruled that the form of notice and opportunity to opt out satisfied Rule 23(c)(2).[4] The Scheidler Defendants did not challenge the form of notice to the Clinic Class on appeal. Nor did these Defendants seek an order directing notice when the Court declined to allow the Clinic

---

[3] Plaintiffs do not oppose the removal of the "attorneys'-eyes only" designation of the opt-out list. Furthermore, Plaintiffs would agree to lift the protective order governing discovery in this case in its entirety. Many of the documents produced in this case are now over twenty years old. Numerous documents marked "confidential" were used at trial. Given the public nature and historical significance of this litigation, Plaintiffs would agree that the whole record should be available to anyone who wishes to review it. If the Defendants agree, Plaintiffs will stipulate that the protective order be dissolved; such a ruling would be consistent with the view in this Circuit that, to the extent possible, litigation should be open to the public. *See Union Oil Co. v. Leavell*, 220 F.3d 562, 567-568 (7th Cir. 2000) ("the tradition that litigation is open to the public is of very long standing").

[4] Plaintiffs notified the Clinic Class through the Guttmacher Institute and through Planned Parenthood. The affidavit of Roger Evens, General Counsel for Planned Parenthood, was filed with the Court on June 16, 1997, and confirmed that all Planned Parenthood clinics had been notified. (*See* Docket No. 1024, entered June 16, 1997.)

4

Class to pursue damages, in effect converting it to a (b)(2) class. Defendants' argument that the affidavits attesting to that notice are deficient, *see* Paragraph 5 of their Motion, has been waived. *See Swanson*, slip op. at 10; *Smith*, 388 F.3d at 569.

## II.    THE FINAL JUDGMENT ORDER SATISFIES RULE 23(C)(3)

The Scheidler Defendants' argument that the May 14, 2007, final judgment order does not satisfy Rule 23(c)(3) is baseless. Defendants apparently misunderstand the procedural history of the case and Rule 23(c)(3)'s requirements.

### A.    Because the Clinic Class Is, in Essence, a Rule 23(b)(2) Class, the Final Judgment Order Need Not "Specify or Describe" the Members of That Class

#### 1.    Since 1999, the Clinic Class has been, in essence, a Rule 23(b)(2) class only.

Contrary to Defendants' assertion, the Clinic Class is not a Rule 23(b)(3) class. The Clinic Class was certified on March 28, 1997, as a "hybrid" (b)(2)/((b)(3) class. *See* Docket No. 1005, Order of March 28, 1997. The Clinic Class was certified as a (b)(2) class to the extent it sought injunctive relief and as a (b)(3) class to the extent it sought damages, as permitted by settled Seventh Circuit precedent. *See id.* and *Williams v. Burlington Northern, Inc.*, 832 F.2d 100, 103 (7th Cir. 1987) (class may properly be certified under Rule 23(b)(2) for purposes of equitable relief and Rule 23(b)(3) for purposes of monetary relief). This hybrid certification, however, was not a permanent ruling. Trial courts have the duty and the discretion to revisit the question of class certification as the case progresses. *See Flanagan v. Allstate Ins. Co.*, 225 F.R.D. 569, 570 (N.D. Ill 2004) (courts have "ongoing duty to ensure that the requirements for class certification are met throughout the entire case"). If circumstances change, a class's

5

certification status may change with them. *See Eggleston v. Chicago Journeyman Plumbers Union Local No. 130*, 657 F.2d 890, 896 (7th Cir. 1981) (class certification determination is "not cast in stone" and court may "alter the certification" as circumstances dictate). That is what happened here.

After the close of trial on the common injunctive issues, together with the Named Clinics' damages claims, the Court ruled that the absent Clinic Class members would not be allowed to proceed to damages trials. In essence, this ruling ended the Rule 23(b)(3) certification and transformed the Clinic Class into a (b)(2) class. *See* Docket No. 1299, Order of July 16, 1999 (copy attached hereto as Exhibit C). Plaintiffs' counsel advised the Clinic Class, informally, of the ruling, and no member of the Clinic Class challenged or appealed the ruling. The Court's final order was sent to Clinic Class members to enable each clinic to avail itself of the injunction the Court had entered.

Any (b)(3) certification of the Clinic Class in effect ceased to exist in 1999. Indeed, once the Clinic Class was barred from recovering damages, it could be only a (b)(2) class. *See* Rule 23(b)(2) Advisory Committee Note (Rule 23(b)(2) applies where class seeks "final relief of an injunctive nature" and "does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages"). The Court, pursuant to its duty and discretion, has treated the Clinic Class as a (b)(2) class only since that time, including the final judgment order. *See Eggleston*, 657 F.2d at 896; *Flanagan*, 225 F.R.D. at 570.

## 2. The Final Judgment adequately describes the Clinic Class.

Rule 23(c)(3) provides that in (b)(2) class actions, the final judgment "shall include and describe those whom the court finds to be members of the class." The Court's final judgment

order describes the Clinic Class as "the class of women's health centers in the United States at which abortions are performed." *See* Docket No. 1549, Order of May 14, 2007.  The inclusion of this description of the Clinic Class in the final judgment order easily satisfies the "include and describe" requirement of Rule 23(c)(3).

Courts have made clear that Rule 23(c)(3)'s "include and describe" language does not require courts to list individual members of the class in the final judgment order in a (b)(2) class action. *See, e.g.,* Newberg on Class Actions, § 11:59 (4th ed. 2007) ("the description may be a generic one").  Courts have even affirmed final judgments that do not describe the (b)(2) class explicitly but refer to the certified class only by implication. *See Bing v. Roadway Express, Inc.*, 485 F.2d 441, 447 (5th Cir. 1973) (final judgment order sufficient under Rule 23(c)(3) where "the judgment by implication describes the scope of the class"). *See also Johnson v. General Motors Corp.*, 598 F. 2d 432, 435 (5th Cir. 1979) ("the technical failure of the district court to expressly describe the class does not alter the res judicata effect of the judgment").  Indeed, in *Jiminez v. Weinberger*, 523 F.2d 689, 698-699 (1975), the Seventh Circuit held that a lower court's final judgment order containing only a general description of the plaintiff class would satisfy Rule 23(c)(3).

Here, the final judgment order defines the Clinic Class as "[t]he class of all women's health centers in the United States at which abortions are performed."  This description amply satisfies Rule 23(c)(3)'s requirement that the final judgment in a (b)(2) class action "include and describe" the class that was certified and as to which the judgment is entered.

**B.    Even Under the (b)(3) Standard, the Existing Final Judgment Would Satisfy Rule 23(c)(3)**

The portion of Rule 23(c)(3) that governs (b)(3) class actions is not appreciably different from that which governs (b)(2) class actions. Instead of having to "include and describe" the class, a (b)(3) final judgment must "include and specify or describe those to whom the notice provided in subdivision Rule 23(c)(2) was directed, and who have not requested exclusion, and whom the court find to be members of the class."

In practice, this language has been treated similarly to the language governing (b)(2) class actions. The Northern District cases of *Breslow v. Prudential-Bache Properties, Inc.*, No. 91 C 1230, 1993 U.S. Dist. LEXIS 13089 (N.D. Ill., Sept. 20, 1993) ("*Breslow I*") and *Breslow v. Prudential-Bache Properties, Inc.*, No. 91 C 1230, 1995 U.S. Dist. LEXIS 13617 (N.D. Ill., Sept. 13, 1995) ("*Breslow II*") (copies attached hereto as Exhibits D and E), are instructive. In these cases, the court found that the resolution of a (b)(3) class action against Prudential barred absent class members from later pursuing their claims against Prudential for fraud stemming from the sale of portions of certain limited partnerships. In each instance, the court held that the final judgment, which described the (b)(3) class only in general terms, satisfied Rule 23(c)(3). *Breslow I*, 1993 U.S. Dist. LEXIS at *3; *Breslow II*, 1995 U.S. Dist. LEXIS at **2-3.[5] Because the final judgment order's general description of the class was sufficient, the later plaintiffs' claims were precluded by the final judgment. *Id.*

---

[5]    The *Breslow* class was defined as "all persons or entities and their successors in interest, assigns and transferees who own, or who have at any time owned, legally or beneficially, one or more limited partnership units in the Partnerships." *Breslow I*, 1993 U.S. Dist. LEXIS at *3, *Breslow II*, 1995 U.S. Dist. LEXIS at **2-3.

The description of the Clinic Class in this case is similar to the description of the plaintiff class in the *Breslow* cases, and it similarly satisfies Rule 23(c)(3). The Defendants have no basis in law or logic for requesting that the final judgment order contain the individual names of each class member.[6] Rule 23 simply does not require it, even for (b)(3) class actions. *See In re: Nasdaq Market-Makers Antitrust Litigation*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999) (denying motion to amend (b)(3) final judgment to add names of class members because "Rule 23(c)(3) does not require a list of every single class member"; general description found sufficient).

## III. DEFENDANT'S *RES JUDICATA* ARGUMENT RESTS ON SHEER SPECULATION

Much of the Scheidler Defendants' Motion is spent hypothesizing about how some Clinic Class members might, in the future, try to escape the preclusive effect of this lawsuit. Defendants argue that they must be able to individually identify each member of the Clinic Class or the final judgment "may be rendered a dead letter." This is preposterous. Defendants get the preclusion issue exactly backwards.[7] Preclusion (whether "issue preclusion, "claim preclusion"

---

[6]    Defendants' reliance on the Advisory Committee Note to Rule 23 is misplaced. The Advisory Committee states only that class members "who have been identified" must be specified in the final judgment order. Here, the Delaware Women's Health Organization and Summit Women's Health Organization, Inc. have been both identified and they have been named specifically in the final judgment order. The Advisory Committee Notes does *not* say that absent class members much also be individually named in a final judgment order. Further, the Advisory Committee Note to Rule 23 makes clear that the purpose of Rule 23(c)(3) is not to entitle the defendant to a list of all class members, but to prevent so-called "one-way intervention" of absent class plaintiffs. There is no fear of one-way intervention here.

[7]    Defendants' citation to *Phillips Petroleum v. Shutts*, 472 U.S. 797, 812 (1985), and *Besinga v. United States*, 923 F. 2d 133, 137 (9th Cir. 1991) (incorrectly cited by Defendants as "9 F. 3d 133"), does not advance their argument. Both cases relate to Rule 23(c)(2) notice to class members and the due process rights of absent class members, *not* Rule 23(c)(3)'s rules governing final judgments. The primary issue addressed by these authorities is the need for notice to plaintiff class members during the pendency of the litigation, something very different

or "*res judicata*") applies retroactively, nor prospectively. *See* Wright, Miller & Kane, Federal Practice & Procedure Civil, § 1789 at 554-555 (3rd ed. 2005) ("It is well settled that the court adjudicating a dispute cannot predetermine the binding effect of its own judgment, that can be tested only in a subsequent suit"). In other words, when entering a final judgment, the court cannot and should not attempt to determine its preclusive effect. Rather, given the fact-intensive nature of the preclusion doctrine, whether a judgment precludes a later lawsuit is determined by the *next* court, when the *next* lawsuit is filed – if ever.

Here, the final judgment will have a preclusive effect. Because this is a class action, with a defined and certified class, the preclusive effect reaches absent class members. *See In re: Bridgestone/Firestone Inc. Tires Products Liability Litigation*, 333 F. 3d 763, 768 (7th Cir. 2003) (class action decision is "conclusive" with respect to the entire class if absent class members were adequately represented). Because absent class members could be bound by a final judgment in this case, the Court ordered Plaintiffs, pursuant to Rule 23(c)(2), to give notice to the Clinic Class, telling each class member that their future claims could be precluded by a judgment in the case. Defendants are asking for something they do not need and to which they are not entitled: a prospective determination of the preclusive effect of the judgment.

Further, the Scheidler Defendants' fear that they will be subject to a rash of further lawsuits from absent class members based on acts that are precluded by the judgment is completely unfounded. This trial occurred in 1998. Any potentially precluded claim would have to be based on events that preceded that date. To trigger the *res judicata* effect of this suit, an absent class member would have to allege that it was harmed by the Defendants prior to 1998,

_____

from providing a defendant with the identity of each and every member of the plaintiff class in a final judgment order.

10

Defendants are trying to fight some hypothetical "next case" now – and for no good reason. This twenty-one-year-long dispute should be brought to an end. The Scheidler Defendants' Motion should be denied.

## CONCLUSION

Except for amending the title of the final judgment to say "Judgment in Favor of Certain Defendants," and vacating confidentiality provision of the protective order entered long ago in this case, Defendants' Motion should be denied in its entirety.


Dated: July 16, 2007.

                                        _____/s/ Adam N. Hirsch_____
                                        One of the Attorneys for the Plaintiffs


Fay Clayton
Adam N. Hirsch
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 663-3100 – Telephone
(312) 663-0303 – Facsimile

11

## CERTIFICATE OF SERVICE

I, Adam N. Hirsch, an attorney, certify that I shall cause to be served a copy of the **Plaintiffs' Opposition to Scheidler Defendants' Motion to Alter or Amend Judgment** upon the following individual(s), via First Class Mail, messenger, Federal Express, facsimile, or the United States District Court's electronic court filing service, as indicated, this 16th day of July, 2007:

__ First Class Mail  Thomas L. Brejcha
__ Messenger Delivery  Thomas More Society
__ Federal Express  29 South LaSalle Street
__ Facsimile Delivery  Suite 440
_x_ CM/ECF System  Chicago, IL 60603
    Notification

*(Counsel for Defendants Scheidler, Scholberg, Murphy and Pro-Life Action League)*

__ First Class Mail  Larry L. Crain
__ Messenger Delivery  Brentwood Law Offices, PLLC.
__ Federal Express  5214 Maryland Way, Suite 402
__ Facsimile Delivery  Brentwood, TN 37027
_x_ CM/ECF System
    Notification

*(Counsel for Defendant Operation Rescue)*

/s/ Adam N. Hirsch

Fay Clayton
Adam N. Hirsch
Robinson Curley & Clayton, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 663-3100 – Telephone
(312) 663-0303 – Facsimile