IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL ORGANIZATION FOR WOMEN, et. al., | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 86 C 7888 |
| v. | ) | |
| JOSEPH M. SCHEIDLER, et. al., | ) ) ) | HONORABLE DAVID H. COAR |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 14, 2007, this Court issued an order in this matter entitled Order of Final Judgment Against Certain Defendants in a Civil Case ("2007 Order"). Before the Court now is Defendants' Motion to Alter and/or Amend Rule 54(b) Judgment made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In this motion, Defendants request three changes to be made to the 2007 Order. First, Defendants argue that the title should be amended to reflect that judgment was entered in their favor. They suggest the inclusion of "in favor of" in place of "against." Second, Defendants request that the order include a provision for the recovery of their taxable costs. Third, Defendants request that the order be amended to list out every member of the class, certified in 1999, who did not opt out, thus meeting the requirements of Rule 23(c)(3). The first two requests for amendment are merely cosmetic modifications and are hereby granted. The third request for modification requires some discussion and is DENIED.

**BACKGROUND**

On March 28, 1997, this Court entered a Memorandum Opinion and Order ("1997 Order") certifying two separate classes in this private RICO suit brought by various groups against the Defendants. One of those classes was called the "Clinic Class" and it was found to include "all women's health centers in the United States at which abortions were performed" at that time. In 1999, this Court entered a post-trial order in favor of the Plaintiffs ("1999 Order") that described the Clinic Class in the same manner. The Defendants appealed the judgment to the Seventh Circuit and while they did list the issue of alleged error in failing to include a list of the Clinic Class members as one of the grounds for appeal, the Seventh Circuit did not address the issue. After years of litigation and appeals, the Seventh Circuit finally ordered this Court to enter judgment in favor of Defendants on April 26, 2006. The 2007 Order is the result of the Seventh Circuit's 2006 order.

In the 1997 Order, this Court specifically instructed that the Clinic Class was being certified under both Federal Rule of Civil Procedure 23 sections (b)(2) and (b)(3), thus making it a "hybrid class." The basis for the certification of a Rule 23(b)(2) class generally is that the defendant has acted similarly towards the entire class and the plaintiffs seek to enjoin the defendant's conduct against the entire class. Members of a class certified pursuant to Rule 23(b)(2) are not entitled to notice unless the Court specifically allows so in its discretion. In contrast, a Rule 23(b)(3) class is usually certified where the plaintiffs seek monetary damages on the behalf of the entire class and the court must direct notice to the class members. Here, because the plaintiffs sought both injunctive relief as well as money damages, certification of the class issued under both 23(b)(2) and 23(b)(3). Such "hybrid classes" are permissible and

necessary at times, such as in this case. *See Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 898 (7th Cir. 1999). The issue before the Court now is whether the description of the hybrid Clinic Class as it appears in the 2007 Order satisfies the requirements of Rule 23. It does.

## DISCUSSION

Rule 23(c)(3) requires a "judgment in an action maintained as a class action under subdivision... (b)(2), whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class... and under subdivision (b)(3), whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class."

Plaintiffs object to the Defendant's request that the order be modified to include a specific list of the Clinic Class members. First, the Plaintiffs argue that the Defendants have waived the argument that they are entitled to a list of the Clinic Class members because they did not argue this issue in the Court of Appeals when challenging the 1999 Order. Second, they argue the Defendants waived the argument that notice directed to the members of the Clinic Class was deficient. The Defendants have not challenged the sufficiency of notice, so there is no need to address this point of argument any further. Third, Plaintiffs contend that this class transformed from a hybrid class action to a (b)(2) class action, and the general description provided in the May 14, 2007 Order is sufficient for a (b)(2) class action. Lastly, they argue that the description sufficiently describes a (b)(3) class action under Rule 23 as well.

As to the Plaintiff's first contention, the Defendants have not waived any argument that the 2007 Order should include a list of the members of the Clinic Class. As a separate and

independent judgment, the 2007 Order is subject to Rule 23 regardless of whether the Defendants waived their appellate argument for a list of class members in 1999. Similarly, the fact that the Defendants requested a list of class members in 1999 and were rejected does not preclude their request for a list now to comport with Rule 23. Simply put, the issue is the same but the circumstances are not. The 2007 Order is independent of and unaffected by any prior orders or procedural history other than the Seventh Circuit's 2006 order directing this Court to enter judgment in favor of the defendants-appellants.

This Court does not accept the Plaintiff's characterization of Defendants' request as an attempt to reopen closed issues because in this Court's view, the requirements of Rule 23 attach anew to any judgment in a class action that purports to settle the litigation. This Court reaches this conclusion despite the Defendant's incorrect assertion that the Seventh Circuit's holding in *United States v. Swanson* does not apply to the facts presented here. In that case, the Seventh Circuit held that a petitioner cannot raise in a second appeal that which he could have raised in the first appeal merely due to the fortuity of a remand. 483 F.3d 509, 515 (2007) (citing *United States v. Parker*, 101 F.3d 527, 528). In this case there was a complete vacatur of the prior judgement, unlike in *Swanson*, where there was simply a remand with an order to reconsider certain aspects of the surviving judgment. 483 F.3d at 515. Defendants assert that the existence of a complete vacatur of the judgment here renders the *Swanson* holding inapplicable to the facts presented here. Yet in *Parker*, the case cited by the *Swanson* court as the authority for its holding, there was a complete vacatur of the district court's judgment prior to remand, and the *Parker* court concluded with the same holding. In short, the only meaningful difference between this case and both *Swanson* and *Parker*, is that here, the issue revolves around Rule 23, which

requires a judgment to meet certain criteria. Furthermore, Rule 23's requirements attach to any judgment that purports to settle the class action, regardless of any prior judgments.

Plaintiffs also argue that because this Court ruled at the conclusion of trial that absent Clinic Class members would not be allowed to proceed to the damages stages, the justification for certification under Rule 23(b)(3) (that it is used for classes seeking money damages) was obviated and the class became certified under (b)(2) exclusively. Although this Court is tempted to follow the logic of the Plaintiffs' argument, it can not do so because there is no support for the proposition that a class can be recertified on its own simply due to changed circumstances. In fact, given that Rule 23(c)(1)(A) requires a court to issue an order when certifying an action and Rule 23(c)(1)(C) gives a court the authority to amend or alter such an order at any time before entry of final judgment, it is much more likely than not that a recertification or decertification requires an order of the Court and cannot occur on its own.

Thus, the final judgment in this case must satisfy the second sentence of Rule 23(c)(3), which requires a judgment in an action maintained as a Rule 23(b)(3) class action "to include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class." The Advisory Committee Notes instruct that in a (b)(3) action, the judgment must specify the *members who have been identified* and describes the others. Fed. R. Civ. Pro. 23 advisory committee notes. Therefore, three qualifications must be satisfied before Rule 23(c)(3) mandates inclusion in the judgment and specification to the extent that they were previously identified. While the 2007 Order does not specify each and every member of the Clinic Class, it does

describe the Clinic Class as all "women's health centers in the United States at which abortions are performed."

Rule 23(b)(3) requires a judgement to specify the members of the class who have already been identified. Defendants concede that "there is no record in this case as to whom the Court-approved class notice was sent." (Def. Motion to Amend, p.3 ¶4.) Nevertheless, they argue that the judgment must include such information. Stanley Henshaw and Roger Evans stated by way of affidavits that they mailed notice to members of the Clinic Class at the behest of the Plaintiffs on a confidential basis. The lists were prepared by the Alan Guttmacher Institute. This Court accepted that arrangement and did not require a list of recipients to be filed with the Court or distributed to the parties. Therefore, at no time did this Court or the litigants possess any list that *identified* each member of the Clinic Class to whom notice was sent. Thus, the judgment in this case need not specify any members beyond its description of "all women's health centers in the United States at which abortions were performed."

The Defendants purport to be worried that the 2007 Order will not receive the *res judicata* effect contemplated under Rule 23 and if left in its current form, will subject them to the onerous burdens of trying to establish *res judicata* defenses to any potential members of Clinic Class who bring suit. As Defendants well know, the court entering judgment is in no position to predetermine the *res judicata* effect of its own judgment, Fed. R. Civ. Pro 23 advisory committee notes (citing Restatement, Judgments § 86, comment (h), § 116 (1942)), but it seems apparent that "all women's health centers in the United States at which abortions were performed" is a very broad range of would be litigants who would probably be bound by this Court's judgment. Furthermore, the attorneys in this action already possess lists of those would-

be-class members who opted out of the Clinic Class. The Court is prepared to retract its designation of "attorney's eyes only" on docket entry 1049 and its protective order dated as of November 25, 1996. By doing so, parties will be able to see which women's health centers opted out of the class and are probably not bound by the 2007 Order.

In short, because neither this Court nor any of the parties are in possession of a list identifying the Clinic Class members to whom notice was directed, the 2007 Order need not contain such information and the description of "all women's health centers in the United States at which abortions were performed" will suffice for purposes of conformity with Rule 23(c)(3). The Court reiterates that the attorneys in this matter have opt-out lists. The Court hereby orders the designation for "attorney's eyes only" (or "counsel's eyes only, as the case may be) on the item docketed number 1049 removed and not subject to any protective order of this Court.

## CONCLUSION

In conclusion, Defendants Motion to Alter and/or Amend the Rule 54(b) Judgment is GRANTED in part and DENIED in part.

/s/ David H. Coar
David H. Coar
United States District Judge

**Dated:** August 22, 2007